# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GILBERT AND ROCHELLE ALLEN, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| DUVERA BILLING SERVICES, LLC ) | **COMPLAINT AND DEMAND FOR** |
| d/b/a PALOMAR ASSOCIATES, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

GILBERT AND ROCHELLE ALLEN ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DUVERA BILLING SERVICES, LLC d/b/a PALOMAR ASSOCIATES ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiffs are natural persons residing in Somerset, Massachusetts 02726.

6. Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiffs are persons granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its principal place of business located at 6027 Solutions Center, Chicago, Illinois 60677.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), as it sought to collect a debt from Plaintiffs.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiffs.

12. The debt, a Fair Finance credit card, arose out of transactions that were primarily for personal, family, or household purposes.

13. As Plaintiffs do not owe any business debt, any debt that Defendant was attempting to collect could only be personal in nature.

14. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. Beginning in March 2013, and continuing through April 2013, Defendant attempted to collect a consumer debt from Plaintiffs.

16. In its attempts to collect a debt, Defendant contacted Plaintiffs, on average, multiple times a week on their cellular telephone.

17. Plaintiffs dispute owing the alleged debt because, in 2010, they paid the alleged debt in full to the original creditor.

18. On more than one occasion, Plaintiffs instructed Defendant to stop calling them, that they disputed owing the debt, and to mail them proof of the debt; however, Defendant claimed that it did not have anything to send them regarding the debt.

19. Instead, Defendant continued with its collection actions, including informing Plaintiffs that there was a judgment against Mr. Allen for the unpaid debt and that it would conduct an asset search as well as contact his employer in order to recover payment for the debt.

20. It was upsetting to Plaintiffs to be told that there was a judgment against Mr. Allen and that it intended to conduct an asset search as well as to have his employer contacted, for a debt which was paid in full.

21. Upon information and belief, at the time Defendant claimed that there was a judgment against Mr. Allen, there was no judgment against him.

22. Defendant made false statements to Plaintiffs in order to cause them fear and apprehension believing that to do so would cause Mr. Allen to make payment on the alleged debt.

23. Also, Defendant had no legal authority to contact Mr. Allen's employer or conduct an asset search, as there was no judgment against him.

24. Most recently on April 20, 2013, Defendant contacted Plaintiffs seeking and demanding payment of the alleged debt.

25. Upon information and belief, Defendant contacted Plaintiffs on a repetitive and continuous basis, in an attempt to collect a debt from Plaintiffs that was not owed, with the intent of harassing Plaintiffs into paying this debt.

26. Lastly, in its attempts to collect a debt, within five (5) days of its

initial communication with Plaintiffs, Defendant failed to send Plaintiffs written notification of their rights to dispute the debt, to request verification of the debt, or to request contact information about the original creditor.

27. Rather, on March 14, 2013, Defendant sent Mr. Allen claiming that he owed $2,810.76 and that he had to pay a settlement amount by April 15, 2013. See Exhibit A, Defendant's March 14, 2013, letter to Mr. Allen.

28. Less than thirty (30) days later, on April 12, 2013, Defendant sent Mr. Allen correspondence claiming that its "client will not allow [it] to delay collection on the above referenced debt any longer." See Exhibit B, Defendant's April 12, 2013, letter to Mr. Allen.

29. Further, Defendant threatened that failure to contact its office in the allotted time, "Palomar Associates may perform an asset search and prepare your file for a recommendation of involuntary collection to our client." See Exhibit B.

30. Upon information and belief, at the time Defendant sent its April 12, 2013, correspondence to Plaintiff, it had not had any communication with its client, Fair Finance.

31. Moreover, Defendant was deceptive in its communications with Plaintiff, as it was claiming that it could not "delay collection," but all of its calls and letters to Plaintiff were collection actions.

PLAINTIFFS' COMPLAINT

# DEFENDANT VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

32. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) by continuously calling Plaintiffs' cellular telephone, on average, multiple times a week in order to collect a debt which Plaintiffs did not owe, with the intent to annoy, abuse, and harass Plaintiffs.

## COUNT II

33. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA.

   a. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in

connection with the collection of any debt.

b. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing the character, amount or legal status of any debt.

c. Section 1692e(5) of the FDCPA prohibits the debt collector from making a threat to take any action that cannot legally be taken or that is not intended to be taken.

d. Section 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

e. Here, Defendant violated §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA by falsely claiming that a judgment had been entered against Mr. Allen, when there was no judgment against him; threatening to conduct an asset search and to contact Mr. Allen's employer, when it did not have the intent to take the action it threatened or the legal authority to do so; representing that Mr. Allen owed a debt when no debt was owed; and claiming that its client did not want it to delay collection activity, when it did not have contact with its client and it was engaging in collection activity.

## COUNT III

34. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f and 1692f(1) of the FDCPA.

   a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. A debt collector violates §1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

   c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by making false statements about a judgment; attempting to collect an amount which Plaintiff did not owe; and not sending Plaintiffs documentation about the debt, despite their multiple requests.

## COUNT IV

35. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a) of the FDCPA.

   a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection

of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiffs, advising Plaintiffs of their rights to dispute the debt or request verification of the debt or providing them with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiffs, GILBERT AND ROCHELLE ALLEN, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, GILBERT AND ROCHELLE ALLEN, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: December 30, 2013          By: /s/ Craig Thor Kimmel
CRAIG THOR KIMMEL
BBO# 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com